1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

JAMES WIGGINS, III,                          )        2:11-cv-01815-ECR-VCF
                                             )
8        Plaintiff,                          )        **Order**
                                             )
9   vs.                                      )
                                             )
10  COSMOPOLITAN CASINO OF LAS VEGAS,        )
                                             )
11       Defendant.                          )
                                             )
12                                           )
    _____)

13

14

15      This case arises out of allegations that Plaintiff was wrongfully

16  terminated.  Now pending before the Court is Defendant's Motion to

17  Dismiss (#8).  The motion is ripe and we now rule on it.

18

19                          **I. Background**

20      The Complaint (#5) alleges that Plaintiff, while employed by

21  Defendant, was subjected to harassment and verbal abuse by his co-

22  workers. (Compl. at 1 (#5).)  Plaintiff further alleges that his co-

23  workers insulted him in Spanish and threw dishes at his head. (Id. at

24  2.)  Plaintiff claims he was terminated from his employment because

25  his other coworkers falsely accused him of making a racial remark.

26  (Id. at 8-9.)

27      On July 8, 2011, Plaintiff filed a charge of discrimination with

28  the EEOC, alleging that Defendant discriminated against him on the

1 basis of race, color, sex, age, disability, and in retaliation in

2 violation of Title VII, the Americans with Disability Act ("ADA") and

3 the Age Discrimination in Employment Act ("ADEA").  (Id. at 12.)[1]  The

4 EEOC issued a right to sue letter on August 5, 2011.  (Id. at 10.)

5      Plaintiff subsequently filed a motion/application for leave to

6 proceed in forma pauperis (#1), with attached complaint, on November

7 10, 2011.  On November 18, 2011, we granted (#4) Plaintiff in forma

8 pauperis status and ordered the clerk to file the complaint.  The

9 Complaint (#5) was filed on November 18, 2011.

10      On January 27, 2012, Defendant filed a Motion to Dismiss (#8)

11 pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and

12 8.  Plaintiff responded (#11) on February 9, 2012, and submitted an

13 addendum (#12) to the response on February 10, 2012.[2]  Defendant

14 replied (#13) on February 21, 2012.

15

16

17

18 _____

19      [1] We consider the documents physically attached to the complaint
without converting the motion to dismiss to a motion for summary
20 judgment because their "authenticity is not contested" and "the
plaintiff's complaint necessarily relies on them." Lee v. City of Los
21 Angeles, 250 F.3d 668, 668 (9th Cir. 2001).

22      [2] Plaintiff filed an additional response (#15) on March 2, 2012.
Local Rule 7-2 outlines timing for motions, responses, and replies,
23 as noted by the Court in its January 30, 2012 Order (#9) advising
Plaintiff of the consequences of failing to respond to a motion to
24 dismiss.  Plaintiff did not request the Court's leave to file an
additional opposition following completion of the briefing on this
25 matter.  The Court therefore strikes Plaintiff's additional response
(#15).   The Court admonishes Plaintiff to refrain from filing
26 excessive or duplicative briefing outside of the scope of permissible
court filings noted in the Local Rules and the Federal Rules of Civil
27 Procedure.

28                                     2

1                                      **II. Legal Standard**

2    **A. Federal Rule of Civil Procedure 12(b)(1)**

3        A rule 12(b)(1) motion to dismiss for lack of subject matter

4    jurisdiction may be made in two ways, either as a facial or a factual

5    challenge to the existence of federal jurisdiction. White v. Lee, 227

6    F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that the

7    pleadings are insufficient to support subject matter jurisdiction.

8    Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

9    A factual challenge asserts that there is no actual existence of

10   jurisdiction. Id. When a party makes a facial challenge, the court

11   must accept the allegations of the pleadings as true. Id. However,

12   when a party makes a factual challenge, the court is not required to

13   presume the truth of the allegations and may consider other properly

14   presented evidence in the record for the purposes of determining the

15   existence of subject matter jurisdiction. Id. The party who asserts

16   that the court has subject matter jurisdiction has the burden to prove

17   such jurisdiction. In re Dynamic Random Access Memory (DRAM)

18   Antitrust Litig., 546 F.3d 981, 984-85 (9th Cir. 2008).

19   **B. Federal Rule of Civil Procedure 12(b)(6)**

20       Federal Rule of Civil Procedure 8(a)(2) requires only "a short

21   plain statement of the claim showing that the pleader is entitled

22   relief" in order to "give the defendant fair notice of what the . . .

23   claim is and the grounds upon which it rests." Conley v. Gibson, 255

24   U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates

25   that a court dismiss a cause of action that fails to state a claim

26   upon which relief can be granted. A motion to dismiss under 12(b)(6)

27

28                                        3

1 tests the complaint's sufficiency.  See N. Star Int'l v. Ariz. Corp.

2 Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion

3 to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal

4 is appropriate only when the complaint does not give the defendant

5 fair notice of a legally cognizable claim and the grounds on which it

6 rests.  See Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007).  In

7 considering whether the complaint is sufficient to state a claim, the

8 court will take all material allegations as true and construe them in

9 the light most favorable to the plaintiff.  See NL Indus., Inc. v.

10 Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not

11 required to accept as true allegations that are merely conclusory,

12 unwarranted deductions of fact, or unreasonable inferences.  See

13 Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

14 A formulaic recitation of a cause of action with conclusory

15 allegations is not sufficient; a plaintiff must plead facts showing

16 that a violation is plausible, not just possible.  Ashcroft v. Iqbal,

17 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).

18 　　"Generally, a district court may not consider any material beyond

19 the pleadings in ruling on a 12(b)(6) motion.  However, material which

20 is properly submitted as part of the complaint may be considered on a

21 motion to dismiss."  Hal Roach Studios, Inc. v. Richard Feiner & Co.,

22 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).

23 Similarly, "documents who contents are alleged in a complaint and

24 whose authenticity no party questions, but which are not physically

25 attached to the pleading, may be considered in ruling on a Rule

26 12(b)(6) motion to dismiss" without converting the motion to dismiss

27

28　　　　　　　　　　　　　　　　　　　　　　　4

1 into a motion for summary judgment.  Branch v. Tunnell, 14 F.3d 449,

2 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a

3 court may take judicial notice of "matters of public record."  Mack v.

4 S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

5 Otherwise, if the district court considers materials outside of the

6 pleadings, the motion to dismiss is converted into a motion for

7 summary judgment.  See Arpin v. Santa Clara Valley Transp. Agency, 261

8 F.3d 912, 925 (9th Cir. 2001).

9 **C. Federal Rule of Civil Procedure 8**

10      Under Rule 8, the plaintiff must submit a "short and plain

11 statement of the claim showing the pleader is entitled to relief."  A

12 complaint violates Rule 8 if it is so "verbose, confused and redundant

13 that its true substance, if any, is well disguised."  Hearns v. San

14 Bernadino Police Dept., 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting

15 Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965)).  A complaint

16 must clearly and concisely state which defendants are liable for which

17 wrongs based on which facts.  McHenry v. Renne, 84 F.3d 1172, 1178

18 (9th Cir. 1996).  However, "verbosity or length is not by itself a

19 basis for dismissing a complaint based on Rule 8(a)."  Hearns, 530

20 F.3d at 1131 (citations omitted).

21

22                          **III. Discussion**

23 **A.   Motion to Dismiss Plaintiff's Title VII Claims Pursuant to Rule 12(b)(1)**

24

25      Defendant moves to dismiss Plaintiff's Title VII cause of action

26 pursuant to Rule 12(b)(1) on the basis that the Complaint (#5) is

27 untimely and the Court therefore lacks subject matter jurisdiction

28                                   5

1 over the claim.   Specifically, Defendant contends that Plaintiff

2 failed to file suit within ninety days of receiving his Right to Sue

3 letter from the EEOC as required by Title VII.

4      As noted by Defendant, Title VII requires a plaintiff to file

5 suit within ninety days following the plaintiff's receipt of a right-

6 to-sue letter from the EEOC.   See 42 U.S.C. §2000e-5(f)(1).   The

7 ninety-day filing deadline is strictly construed, and an action is

8 therefore barred when a Title VII claimant fails to file on time.

9 Scholar v. Pac. Bell, 963 F.2d 264, 267-68 (9th Cir. 1992) (dismissing

10 a Title VII claim filed two days after the ninety-day deadline).

11      Plaintiff's right-to-sue letter was mailed on August 5, 2011.

12 However, the ninety-day period begins to run upon a claimant's *receipt*

13 of the letter.   See id. at 267 n.2 ("[T]he 90-day period begins to run

14 when claimant receives the right-to-sue letter rather than when the

15 letter is dispatched.").   In this case, the only evidence of when the

16 letter was actually received is Plaintiff's apparent notation next to

17 the section on the right-to-sue letter, which Plaintiff attached to

18 the  Complaint,  explaining  the  ninety-day  deadline  and  advising

19 Plaintiff to keep a record of his receipt date, indicating that he

20 received the letter on August 13, 2011.   (See Compl. (#5) at 11.)

21 Defendant has put forth no other evidence of the receipt date.   We

22 therefore find that Plaintiff received the right-to-sue letter on

23 August 13, 2011, thereby starting the ninety-day clock.   We therefore

24 now turn to a computation of time.

25

26

27

28                                    6

1    Federal Rule of Civil Procedure 6 provides the rules for

2  computing time "in any statute that does not specify a method of

3  counting time."  FED. R. CIV. P. 6(a).

4       When the period is stated in days or a longer unit of time:
               (A)  exclude the day of the event that triggers the
5                    period;
               (B)  count every day, including intermediate Saturdays,
6                    Sundays, and legal holidays; and
               (C)  include the last day of the period, but if the
7                    last day is a Saturday, Sunday, or legal holiday,
                     the period continues to run until the end of the
8                    next day that is not a Saturday, Sunday, or legal
                     holiday.
9
   FED. R. CIV. P. 6(a)(1).  Accordingly, we therefore take judicial notice
10
   of the 2011 calendar, and, using the start date of August 13, 2011 and
11
   the method prescribed by Rule 6, find that Plaintiff's deadline to
12
   file suit fell on November 14, 2011 because the ninetieth day,
13
   November 11, was a Friday and a Veterans Day, a federal legal holiday.
14
        Defendant, somewhat disingenuously, argues that Plaintiff missed
15
   the deadline because the Complaint (#5) was not filed until November
16
   18, 2011.  While this is technically the case, Plaintiff actually
17
   instituted the suit by filing a motion/application for leave to
18
   proceed in forma pauperis (#1), with the complaint attached, on
19
   November 10, 2011.  We therefore find that Plaintiff timely filed suit
20
   and has carried the burden of proving jurisdiction.  Defendant's
21
   12(b)(1) motion to dismiss Plaintiff's Title VII claim for lack of
22
   subject matter jurisdiction must be denied.
23
   **B.   Motion to Dismiss Plaintiff's § 1983 Claim Pursuant to Rule**
24  **      12(b)(6)**

25      Defendant moves to dismiss Plaintiff's section 1983 claim

26  pursuant to Rule 12(b)(6) for failure to state a claim upon which

27

28                                    7

1  relief can be granted.  Specifically, Defendant argues that

2  Plaintiff's claim fails to allege state action.

3      "[Title] 42 U.S.C. § 1983 provides a remedy to individuals whose

4  constitutional rights have been violated by persons acting under color

5  of state law."  Burke v. Cnty. of Alameda, 586 F.3d 725, 731 (9th Cir.

6  2009) (quoting Caballero v. City of Concord, 956 F.2d 204, 206 (9th

7  Cir. 1992)).  To sustain an action under § 1983, a plaintiff must

8  prove that (1) the defendant acted under color of state law; and (2)

9  the conduct deprived the plaintiff of a right secured by the

10  Constitution or laws of the United States.  See Johnson v. Knowles,

11  113 F.3d 1114, 1117 (9th Cir. 1997).

12      Plaintiff has not alleged that Defendant acted under color of

13  state law, nor has Plaintiff otherwise alleged any state action in the

14  Complaint.  Rather, Plaintiff seeks to sue his former employer, a

15  private actor, for his termination and for a hostile work environment.

16  Accordingly, Plaintiff's section 1983 claim fails as a matter of law

17  and must be dismissed.

18  **C.    Motion to Dismiss the Complaint Pursuant to Rule 8**

19      The Court agrees with Defendant that, while Plaintiff's

20  allegations are fairly clear, it is unclear which causes of action

21  Plaintiff seeks to assert.  "No peace on the job," "dish throwing and

22  name calling," and "selective slavery" are not recognized causes of

23  action.  However, the Complaint (#5) can fairly be read to include a

24  Title VII hostile work environment claim, a state law wrongful

25  termination claim, and a state law negligent hiring claim.

26  Furthermore, the EEOC filings attached to the complaint also seem to

27

28                                     8

assert age discrimination, disability discrimination, and retaliation claims. If Plaintiff wishes to include these causes of action or any others, he may do so in an amended complaint, as Defendant is entitled to know which claims it must defend against. Should Plaintiff choose to amend, he is advised to properly label his causes of action, and include the facts, in a short plain statement, that support each cause of action, whether it be a Title VII hostile work environment claim, an age discrimination claim, a wrongful termination claim, or any other asserted cause of action.

## IV. Conclusion

Plaintiff's Title VII claim was timely filed in this Court, and this Court therefore has subject matter jurisdiction over the claim. Plaintiff's section 1983 claim alleges no state action and must therefore be dismissed. Finally, because Plaintiff's remaining legal claims are largely indecipherable, Plaintiff's Complaint (#5) will be dismissed, but with leave to amend. Plaintiff is advised that his case may be dismissed if he fails to file an amended complaint within the time allowed by the Court.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's Motion to Dismiss (#8) pursuant to Rule 8 is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-eight (28) days within which to file an amended complaint stating proper causes of action.

1    **IT IS FURTHER ORDERED** that the Clerk shall strike Plaintiff's

2   second Response (#15) to Defendant's Motion to Dismiss (#8).

3

4

5

6   DATED: August 15, 2012.

7

8   _____

9                                   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  10